UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEANETTE BEEKER, CHARLES LEWIS,
HENRY LEWIS, and CINDY BALIKO,

        Plaintiffs,                      Case No. 05-10089-BC

v.                                              Honorable David M. Lawson

JANET OLSZEWSKI and MARIANNE UDOW,

        Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION TO STAY ENFORCEMENT OF ORDER PENDING APPEAL

On February 13, 2006, this Court ruled on the parties' cross motions for summary judgment, holding unconstitutional the State's policy of allowing pharmacists to refuse to fill prescriptions for Medicaid recipients who are unable to make co-payments and have delinquent balances from unpaid co-payments for past prescriptions. The Court enjoined the State from continuing the policy. On February 24, 2006, the defendants filed an emergency motion to stay the enforcement of the Court's order pending appeal. The plaintiffs have not filed a response.

The Rules of Civil Procedure give this Court discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." Fed. R. Civ. P. 62(c). The Court considers the following factors in deciding whether to grant a stay pending appeal: (1) the likelihood of the appellant's success on appeal; (2) whether appellant would be irreparably injured if the stay is denied; (3) whether a stay would substantially harm the opposing party; and (4) the public interest. *Oliver v. Kalamazoo Bd. Ed.*, 548 F. Supp. 646 (W.D. Mich. 1982). The first two factors are the most important. "[I]n order to justify a stay of the district court's ruling, the [Appellant] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly

outweighs the harm that will be inflicted on others if a stay is granted." *Family Trust Foundation of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004).

The Court is not persuaded that the defendants are likely to succeed on appeal. The defendants argue that the Court erred in applying *Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498 (1990), instead of *Gonzaga University v. Doe*, 536 U.S. 273 (2002), to find that the statutory provision at issue in this case creates a private right of action. However, the Court applied the standards as modified by *Gonzaga University* and found that a private right of action exists under either test. Moreover, the harm incurred by the opposing party counsels against a stay. Finally, the Court in its opinion invited the defendants to seek reconsideration or relief from the Court's order if they thought subsequent legislation might impact this decision, but the defendants have failed to seek such relief in this Court.

Considering all these points, the Court believes that the balance of the factors weighs against a stay.

Accordingly, it is **ORDERED** that the defendants' motion to stay enforcement of order pending appeal [dkt # 75] is **DENIED**.

                                                    s/David M. Lawson  
                                                    DAVID M. LAWSON  
                                                    United States District Judge

Dated: March 7, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2006.

                              s/Tracy A. Jacobs  
                              TRACY A. JACOBS